

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 23, 2023

<u>By ECF</u>

The Honorable Hector Gonzalez
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Yevgeniy Grinin et al.
     <u>Docket No. 22-CR-409 (S-2) (HG)</u>

Dear Judge Gonzalez:

  The government writes regarding defendant Nikolaos Bogonikolos, who has been charged in the above-referenced second superseding indictment (the "Superseding Indictment"). Bogonikolos has been taken into custody in France and will undergo extradition proceedings to the United States. As described in the Superseding Indictment, the underlying complaint, <u>see</u> 23-MJ-412, and herein, the defendant presents an irremediable flight risk and has significant ties to foreign jurisdictions, including non-extradition countries. The government therefore moves for a permanent order of detention pending trial.

I.  <u>Relevant Background</u>[1]

  The Superseding Indictment charges eight defendants with facilitating the activities of the Serniya procurement network (the "Serniya Network"), which operated under the direction of Russia's intelligence services to acquire sensitive military and dual use technologies for the Russian military, defense sector and research institutions. In or about March 2022, both the U.S. Department of Commerce and the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") levied sanctions on several individuals and entities in the Serniya Network. According to OFAC's press release, the designation was

---

[1] Detailed herein is a proffer of the relevant facts and a discussion of the applicable law pertaining to the pretrial detention of the defendant. <u>See</u> <u>United States v. LaFontaine</u>, 210 F.3d 125, 130-31 (2d Cir. 2000) (government entitled to proceed by proffer in detention hearings).

part of "its crackdown on the Kremlin's sanctions evasion networks and technology companies, which are instrumental to the Russian Federation's war machine."

As described in the Superseding Indictment and complaint, Bogonikolos has been one of the Serniya Network's primary operatives in unlawfully exporting controlled technologies from the United States. The defendant is a Greek national and the President of the Aratos Group ("Aratos"), a collection of several defense technology companies located in the Netherlands, Greece and Bulgaria, which are all members of the North Atlantic Treaty Organization ("NATO"). According to Aratos' website, the companies' areas of expertise included "Space Technologies," "Homeland Security," "Blockchain," and "Counter-Drone Systems." One of Aratos' subsidiaries, Aratos Systems BV, was a finalist in the NATO Innovation Challenge for space applications in 2021 for a proposal involving the use of artificial intelligence and blockchain technology for satellites and spacecraft. In the proposal, the defendant represented that he had experience advising the European Parliament and "governments worldwide," and that Aratos had supplied defense equipment and related technologies to countries in the Middle East, Africa and Asia.

However, as alleged in the Superseding Indictment, since at least 2017, the defendant has been involved in smuggling U.S.-origin military and dual-use technologies to Russia in violation of U.S. law. These highly regulated and sensitive components included advanced electronics and sophisticated testing equipment used in military applications, including quantum cryptography and nuclear weapons testing, as well as tactical battlefield equipment and gas turbines used in military warships. The defendant claimed that these items were to be used by Aratos, when in reality they were illegally reshipped and sent to Russia. Some of the Russian end users included nuclear and quantum research facilities, as well as "Military Unit 33949," which is part of the Russian Foreign Intelligence Service, known as the "SVR."

As alleged in the Superseding Indictment, the defendant was recruited as a procurement agent for Russia in 2017. In an email message with a Serniya affiliate, on December 27, 2017, the defendant was told to come to Moscow alone "since the agenda will be a very sensitive one." Regarding one subsequent order, the defendant advised that he would falsify an export license, saying "I sign that the items are only for Netherlands ;) . . . Sensitive case . . . For the same reason I cannot press the [U.S.] supplier." The defendant also signed false end use statements and provided them to U.S. companies, certifying that Aratos was the end user of the requested items, that Aratos would not reexport the goods elsewhere, and that the goods would not be used for weapons development.

Records obtained from court-authorized search warrants—including Bogonikolos' email account—revealed a variety of business records documenting Aratos' illicit activities with the Serniya Network. Significantly, Aratos employees frequently emailed Bogonikolos spreadsheets documenting and updating Aratos' transactions on behalf of and involving the Serniya Network. The spreadsheets typically contained columns listing a description of the items being ordered and, for U.S.-origin items, occasionally listed the applicable ECCN. Other columns included the manufacturing company; the country of origin;

the request and delivery dates; whether the order had been placed; price; profit; as well as "comments" and "status" columns for each entry. In the "comments" field, notations frequently referred to Bogonikolos using his initials, "NB." As described in the Superseding Indictment, one spreadsheet contained a column titled "Export Controls" and indicated whether the item sold was subject to U.S. or European export restrictions, with each field containing either "YES" in red or "NO" in green.

Notably, Bogonikolos contacted a Nebraska-based ammunition company on or about December 5, 2022 regarding an "ammunition project in Greece." As described in the Superseding Indictment, thousands of export-controlled sniper and tactical rounds manufactured by the Nebraska company were seized from codefendant Vadim Konoshchenok in October and November 2022, when Konoshchenok attempted to smuggle the ammunition from Estonia into Russia.

II.     Legal Standard

Under the Bail Reform Act, Title 18, United States Code, Section 3141, et seq., federal courts are empowered to order a defendant's detention pending trial upon a determination that the defendant is either a danger to the community or a risk of flight. See 18 U.S.C. § 3142(e) (a judicial officer "shall" order detention if "no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of any other person and the community"). A finding of risk of flight must be supported by a preponderance of the evidence. See United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987).

In addition, the Bail Reform Act lists the following factors to be considered in the detention analysis: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. See 18 U.S.C. § 3142(g). As discussed below, these factors weigh against pretrial release and necessitate a sizable bail package.

III.    A Permanent Order of Detention is Required to Ensure the Defendant's Appearance

As set forth below, the factors to be considered in the detention analysis show that the defendant presents a significant risk of flight.

First, the charged offenses are serious. The defendant is charged with playing a major role in a transnational fraud, money laundering and sanctions and export control evasion scheme controlled by a foreign power that is actively engaged in armed conflict. While the investigation is ongoing, the evidence amassed against Bogonikolos is substantial, including, inter alia, (1) electronic communications between Bogonikolos and other coconspirators; (2) invoices, shipping documents and other business records containing false information, including official forms filed with the Department of Commerce and other government agencies; and (3) bank and other financial records reflecting the establishment and use of shell companies and illicit money movements. See, e.g., United States v. Fishenko, No. 12-CR-

626, 2013 WL 3934174, at *2 (E.D.N.Y. July 30, 2013) (evidence of "pertinent recorded conversations and email exchanges that reveal [the defendant's] role in the conspiracy" weighed against release). The defendant also faces a significant term of incarceration should he be convicted, which provides powerful incentive for him to flee. See, e.g., United States v. Bruno, 89 F. Supp. 3d 425, 431 (E.D.N.Y. 2015) ("When the sentence . . . upon conviction is likely to be long . . . a defendant has stronger motives to flee.").

Second, while Bogonikolos has no ties to the United States, he has a vast network of government and corporate contacts around the world. Indeed, the list of known countries where Aratos has confirmed or attempted projects is substantial, including Armenia, Belgium, the Netherlands, Greece, Egypt, Indonesia, Mauritania, Pakistan, Australia, Nigeria, and India, in addition to Russia.

One of the defendant's contacts is Valentin Tzankov, a retired Bulgarian general. Tzankov and Bogonikolos have worked on many military projects, including procurements for Bulgaria, Indonesia and Greece. Bogonikolos also controls a Bulgarian company, HemusTech, that Tzankov is affiliated with. Per media reports, Tzankov was arrested in Bulgaria on suspicion of espionage on behalf of Russia, though the investigation has not been able to confirm or deny this to date. Tzankov was also the Bulgarian military attache in the United States from 2007 to 2011.

Third, Bogonikolos' connections to Russia appear to go beyond the charged procurement scheme. Notably, Bogonikolos listed the Russian States Space Corporation ("ROSCOSMOS") as one of the "Aratos Group Selected International Partners" in marketing materials. On or about February 5, 2020, using an encrypted email platform, the defendant forwarded an 85-page presentation from the Netherlands' Ministry of Defense regarding Dutch space policy and defense strategy in space—the email was sent to the same contact who received several orders for export-controlled items during the charged scheme. Additionally, prior to his arrest, Bogonikolos sought to expand his and Aratos' business with Russian energy companies, including a potential pipeline project involving Joint Stock Company Transneft, which is under both U.S. and European sanctions.

IV.     Conclusion

        For all of these reasons, the government respectfully submits that a permanent order of detention pending trial is necessary to ensure the defendant's return to court.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:   /s/ Artie McConnell
       Artie McConnell
       Assistant U.S. Attorney
       (718) 254-7000

cc:     Clerk of Court (by ECF)
       Defense Counsel (by email)